IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDRE ORR, #166 714, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:12-CV-47-TMH |
| | ) | [WO] |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The above-captioned petition was filed on January 18, 2012.  The court's review of the petition indicated that Petitioner sought to challenge matters or proceedings involving the judgments of more than one state court, as well as a parole revocation proceeding by the Alabama Board of Pardons and Paroles.  Specifically, Petitioner indicated in his petition that he was presenting a "hybrid" petition challenging judgments entered against him by the Circuit Court for DeKalb County, Alabama, and  the Circuit Court for St. Clair County, Alabama, as well as a parole revocation proceeding by the Alabama Board of Pardons and Paroles.  (*Doc. No. 1*.)

Based on the various matters Petitioner sought to challenge, the court entered an order on January 20, 2012, directing Petitioner to file an amended petition in the above-captioned action which challenged only the judgment(s) entered against him by one state court or the revocation proceeding by the Alabama Board of Pardons and Paroles. (*See Doc. No. 3*.) Petitioner was cautioned that his failure to comply with the order to amend would result in a Recommendation that this petition be dismissed for failure to comply with the orders of the court.  (*Id*.)

The requisite time has passed and Petitioner has not complied with the order of the court directing that he amend his complaint.[1] Consequently, the court concludes that dismissal of this case is appropriate for Petitioner's failures to comply with the orders of the court and prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failures to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 16, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

---

[1] The court also notes that Petitioner has failed to comply with the order entered January 20, 2012, directing him to pay the $5.00 filing fee. (*See Doc. No. 4*.)

September 30, 1981.

DONE, this 2nd day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE